**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-07-1693-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| $86,496.00 in U.S. Currency, | |
| Defendant. | |
| Roy E. Evans, | |
| Claimant. | |

This case is a civil action *in rem* to forfeit money seized from Roy Evans. Dkt. #1. Plaintiff has filed a motion to strike Evans' answer to the complaint. Dkt. #22. A response and reply have been filed. Dkt. ##30-31. The Court will grant the motion.[1]

**I.     Background.**

On January 28, 2007, the Drug Enforcement Administration ("DEA") seized $86,496 from Evans at Phoenix Sky Harbor Airport. Dkt. #30 at 3, ¶ 1. The DEA subsequently sent Evans a notice of administrative forfeiture action. *Id.* ¶ 2. Evans filed a petition for remission or mitigation of forfeiture with the DEA on June 7, 2007. *Id.* ¶ 8, Ex. 2. The DEA

---

[1] Evans' request for oral argument and an evidentiary hearing is denied because the parties have thoroughly discussed the law and evidence and neither oral argument nor an evidentiary hearing will aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1    acknowledged receipt and acceptance of the petition on June 20, 2007. *Id.* ¶ 9, Ex. 1. The
2    DEA informed Evans that the matter had been referred to the United States Attorney for the
3    District of Arizona for judicial action. *Id.*

4    On August 6, 2007, Evans filed a petition for return of property in this Court. Dkt. #1,
5    CV-07-1502-PHX-ECV. The petition was dismissed following Plaintiff's commencement
6    of the present action on September 4, 2007. Dkt. #18, CV-07-1502-PHX-ECV; *see* Dkt. #1,
7    CV-07-1693-PHX-DGC.

8    Plaintiff sent a direct notice of this action to Evans on October 18, 2007. Dkt. #5.
9    Plaintiff filed an amended complaint on November 19, 2007, and the Court gave Evans until
10   December 21, 2007 to respond to the complaint. Dkt. ##7-9.

11   On January 15, 2008, Plaintiff filed an application for entry of default and a motion
12   for default judgment based on Evans' failure to respond to the complaint. Dkt. ##11-13.
13   Evans filed an answer three days later. Dkt. #14. The Court denied the motion for default
14   judgment on the ground that the Clerk had not entered Evans' default. Dkt. #17.

15   **II.     Discussion.**

16   Plaintiff requests the Court to strike Evans' answer on the ground that he lacks
17   statutory standing to defend this forfeiture action because (1) he failed to file a verified claim
18   as required by the statutes and rules governing civil forfeiture actions and (2) his answer was
19   untimely. Dkt. #22. Evans contends that the administrative petition he submitted to the DEA
20   and the petition for return of property he filed in this Court constitute valid claims. Evans
21   further contends that the issue of whether he filed a timely answer is moot because the Court
22   denied Plaintiff's motion for default judgment. Dkt. #30.

23   **A.     Has Evans Filed a Valid Claim?**

24   This *in rem* civil forfeiture action arises from a federal statute, *see* 21 U.S.C. § 881,
25   and therefore is governed by 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or
26   Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See* Supp. R.
27   A(1)(B); 18 U.S.C. § 983 (general rules for civil forfeiture proceedings); *see also United*
28   *States v. $141,932.00*, No. 1:04-cv-6743 LJO TAG, 2008 WL 190878, at *2 (E.D. Cal.

1  Jan. 18, 2008). Supplemental Rule G(5) provides that a person who claims an interest in the
2  defendant property must file "a claim in the court where the action is pending." Supp. R.
3  G(5)(a)(i). "The claim must identify the specific property claimed, identify the claimant and
4  state the claimant's interest in the property." *$141,932.00*, 2008 WL 190878, at *2. "The
5  claim must also be signed by the claimant under penalty of perjury and duly served on the
6  government's attorney." *Id.*; *see* Supp. R. G(5)(A)(i)(A)-(D).

7        The petition Evans filed with the DEA does not constitute a valid claim for purposes
8  of Rule G(5). "A petition for remission or mitigation of forfeiture is a petition for
9  administrative relief, not judicial relief." *United States v. $2,857.00*, 754 F.2d 208, 214
10 (7th Cir. 1984). Moreover, Rule (G)(5) required Evans to file a verified claim before he
11 answered the complaint, but in this case he did not file the petition with this Court before
12 filing his answer. *See* Supp. R. G(5)(b) (an answer to the complaint must be filed "within
13 20 days after filing the claim"); *see also* 18 U.S.C. § 983(a)(4)(B) (same).

14       The verified claim requirement in Rule G(5) "is not merely a procedural
15 technicality[.]" *United States v. $13,970.00*, No. 5:06-CV-386(CAR), 2007 WL 1231659,
16 at *2 (M.D. Ga. Apr. 26, 2007). Nor are administrative claims "a substitute for filing a
17 verified claim in the judicial forfeiture action because summary administrative forfeitures and
18 judicial forfeitures are distinct proceedings." *United States v. $48,000*, No. 06-10952, 2007
19 WL 1467158, at *3 (E.D. La. May 18, 2007). This distinction is important because the party
20 that files an administrative claim may not be the only party with an interest in the property,
21 and the requirement that verified claims be "filed with the court notifies all other parties of
22 each claim to the property so that all interests may properly be resolved." *United States v.*
23 *$23,000*, 356 F.3d 157, 166 (1st Cir. 2004); *see $2,857.00*, 754 F.2d at 213 (an administrative
24 claim submitted to the DEA "does not fulfill an important function of the claim requirement
25 of [Rule G(5)] – notifying the court that the claimant is entitled, by virtue of his sworn claim
26 to the property, to join the action and be heard"); *United States v. $50,200*, 76 F. Supp. 2d
27 1247, 1252 (D. Wyo. 1999) ("The administrative claim serves a purpose separate and apart
28 from the claim filed in a judicial proceeding.").

1       Evans filed his petition for remission or mitigation of forfeiture "(1) prior to the
2 execution of process, (2) more than twenty days before the filing of an answer in [this Court],
3 and (3) with the DEA, *not* with the [C]ourt." *$2,857.00*, 754 F.2d at 214 (emphasis in
4 original). The Court therefore concludes that the "filing of [Evans'] administrative claim
5 with the DEA does not satisfy the verified claim obligation of [Rule G(5)]." *United States*
6 *v. $1,437.00*, 242 F. Supp. 2d 193, 196 (W.D.N.Y. 2002); *see $2,857.00*, 754 F.2d at 213
7 ("Raymer's DEA claim cannot be deemed to fulfill the claim requirement of [Rule G(5)].");
8 *$50,200.00*, 76 F. Supp. 2d at 1250 (DEA claim did not satisfy verified claim requirement
9 where the claim "preceded the execution of process"); *$48,000*, 2007 WL 1467158, at *3
10 ("Martin's filing of his Answer . . . *before* the filing of his Verified Claim is not in
11 accordance with [the] Supplemental Rule[s].") (emphasis in original); *United States v. One*
12 *1990 Mercedes Benz*, 926 F. Supp. 1, 4 (D.D.C. 1996) ("[A] claim submitted during the
13 course of the administrative forfeiture proceedings does not satisfy the verified claim
14 obligation of [Rule G(5)].").

15       The Court further concludes that Evans' petition for return of property does not satisfy
16 the requirements of Rule G(5) because Evans did not sign the petition. *See* Supp. R.
17 G(5)(a)(i)(C) (the claim must "be signed by the claimant under penalty of perjury"); *$50,200*,
18 76 F. Supp. 2d at 1250 (claim was insufficient where it "was not verified on oath or solemn
19 affirmation"); *United States v. 1991 Dodge Stealth*, No. 93 C 4056, 1993 WL 433630, at *3
20 (N.D. Ill. Oct. 21, 1993) (same).

21       **B.**    **Is the Issue of Evans' Untimely Answer Moot?**

22       Evans does not dispute that he filed his answer nearly a month after it was due. *See*
23 Dkt. ##7, 14. Nor has he shown good cause for the delay. *See* Dkt. #30. Rather, Evans
24 contends that the issue is moot in light of the Court's denial of Plaintiff's motion for default
25 judgment. *Id.* at 5-6. But the default judgment motion did not raise, and the Court therefore
26 did not address, the issue of Evans' untimely answer. *See* Dkt. #13. The Court denied the
27 motion because the Clerk had not entered Evans' default. Dkt. #17 at 1 (citing Fed. R. Civ.
28 P. 55). While the Court noted that an answer had been filed (*see id.*), the Court did not find

1  that the late filing was justified or otherwise excusable.

2  As Plaintiff notes in its reply, the fact that Evans' default had not been entered when
3  the answer was filed does not render the answer timely. Dkt. #31 at 4. In granting Evans'
4  request for an extension of time, the Court specifically ordered Evans to file his answer by
5  December 21, 2007. Dkt. #7. Neither Evans nor his counsel has offered any explanation for
6  the failure to meet this deadline. Contrary to Evans' assertion, the issue of his untimely
7  answer is not moot.

### C.  Should the Court Strike the Answer?

Supplemental Rule G(5) requires the verified claim to be "timely filed in the forfeiture action, and followed by the filing of a timely answer[.]" *$141,932.00*, 2008 WL 190878, at *2 (citing Supp. R. G(5)(a)(i), (b)); *see* 18 U.S.C. § 983(a)(4)(A)-(B). Pursuant to Supplemental Rule G(8), the Government may, at any time before trial, "move to strike a claim or answer[] for failing to comply with Rule G(5)[.]" Supp. R. G(8)(c)(i)(A). Plaintiff argues that Evans' answer should be stricken as untimely and because Evans lacks statutory standing to file an answer given his failure to file the verified claim required by Rule G(5). Dkt. #22. The Court agrees.

This Circuit requires "proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir. 1989); *see also United States v. $165,580*, 502 F. Supp. 2d 114, 122 (D. Me. 2007) ("Article III standing aside, the Claimants must also demonstrate that they have statutory standing to contest the forfeiture action."); *$13,970.00*, 2007 WL 1231659, at *2 ("[S]tatutory standing is a 'threshold issue' that the claimant must establish to contest the forfeiture of the defendant property.") (citation omitted). If a claimant fails to file a verified claim pursuant to Rule G(5), he "will have no standing as a party to the action." *$141,932.00*, 2008 WL 190878, at 2 (citing *United States v. Real Prop. Located in Fresno County*, 135 F.3d 1312, 1316-17 (9th Cir. 1998)); *see United States v. Real Prop. Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 870 (9th Cir. 2001) (claimants were not parties to the civil forfeiture action because they did not file their claims in a timely

- 5 -

1  fashion); *United States v. Real Prop. Located at 5208 Los Franciscos Way*, 385 F.3d 1187,
2  1190 n.1 (9th Cir. 2004) (noting that the claimant's request for a continuance of the
3  government's summary judgment motion was denied because the claimant "had failed to file
4  a timely claim to the property and thus was precluded from appearing in the action pursuant
5  to . . . the Supplemental Rules[.]"); *see also United States v. Lot 65 Pine Meadow*, 976 F.2d
6  1155, 1157 (8th Cir. 1992) ("Because appellant did not file a timely claim, he lacked
7  standing to contest the forfeiture."); *$50,200*, 76 F. Supp. 2d at 1251 ("A verified claim in
8  a forfeiture action in rem must be filed by the claimant in order for the claimant to acquire
9  'statutory standing.'") (citation omitted); *$13,970.00*, 2007 WL 1231659, at 3 ("Filing a
10 verified claim is 'a prerequisite to the right to file an answer and defend on the merits.'")
11 (citation omitted).

12 As explained above, Evans did not file a verified claim as required by Rule G(5). He
13 therefore "had no standing to file [his] answer or otherwise appear in [this] proceeding[.]"
14 *$2,857.00*, 754 F.3d at 214; *see United States v. $261,480*, No. 00-CV-3028 (FB), 2002 WL
15 827420, at *2 (E.D.N.Y. May 2, 2002) ("Claimant's filing of the administrative claim did
16 not relieve him of the [Rule G(5)] requirement that he file a claim with the Court because
17 the administrative claim 'does not notify the court of the existence of a claim and therefore
18 *does not establish the requisite standing*.") (emphasis added). Moreover, Evans filed his
19 answer nearly a month late without having sought or obtained a further extension of the filing
20 deadline.

21 Evans contends that any failure on his part to file a timely claim or answer would
22 constitute excusable neglect because he "was litigating the matter in court when [Plaintiff]
23 filed another claim for the same matter under a new case number ultimately leading to
24 confusion in the matter." Dkt. #30 at 6. But Evans does not dispute that, through his
25 counsel, he was properly served with direct notice of this action pursuant to Supplemental
26 Rule G(4). *See* Dkt. #5. Nor does he dispute that he received the Court's order granting his
27 request for an extension of time and directing that his answer be filed by December 21, 2007.
28 *See* Dkt. #7. In these circumstances, the Court simply cannot conclude that any "confusion"

on the part of Evans or his counsel constitutes excusable neglect. *See Real Prop. Located in Fresno County*, 135 F.3d at 1317 ("So long as the Government takes the steps mandated by due process to notify the record owner of an impending forfeiture, it is the owner's responsibility to comply with the procedural requirements for opposing the forfeiture."); *$1,437.00*, 242 F. Supp. 2d at 195-96 (holding that counsel's inability to manage his caseload or preoccupation with other matters did not constitute excusable neglect for failing to file a verified claim and a timely answer); *United States v. One Piece of Real Prop. Located at 15010 S.W. 168th St.*, No. 07-20613-CIV, 2008 WL 659472, at *3 (S.D. Fla. Mar. 6, 2008) (the claimant's "actual knowledge of the case prevents a finding that there was good cause for his failure to submit a claim").

In summary, Evans lacked standing to file his answer because he had not filed a verified claim as required by Supplemental Rule G(5). Evans has not demonstrated good cause or excusable neglect for his failure to timely file his answer. The Court accordingly will grant Plaintiff's motion to strike the answer. *See $48,000*, 2007 WL 1467158, at 3 (granting motion to strike where the claimants had "failed to show any mitigating factors that would excuse them from filing verified claims and answers in a timely manner"); *One 1990 Mercedes Benz*, 926 F. Supp. at 5 (granting motion to strike where there were "no mitigating factors which could have affected [the] claimant's ability to strictly comply with the [Rule G(5)] requirements").

**IT IS ORDERED:**

1. Plaintiff's motion to strike answer (Dkt. #22) is **granted**.
2. The Clerk is directed to strike from the record the answer filed by Claimant Roy Evans (Dkt. #14).

DATED this 9th day of May, 2008.

_____
David G. Campbell
United States District Judge

- 7 -