**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-07-1693-PHX-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| $86,496.00 in U.S. Currency, | |
| Defendant. | |
| _____ | |
| Roy Evans, | |
| Claimant. | |
| _____ | |

Plaintiff has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  Dkt. #35.  No response has been filed.  The Court will grant the motion.

**I.    Background.**

This case is a civil action *in rem* to forfeit money seized from Roy Evans.  Dkt. ##1, 9. The Court granted Plaintiff's motion to strike Evans' answer to the complaint.  Dkt. #32; *see* Dkt. ##14, 22, 30-31.  On May 15, 2008, the Clerk entered default as to the defendant property, Evans, and all other persons or entities who may claim an interest in the defendant property. Dkt. #34. Plaintiff filed this motion for default judgment four days later. Dkt. #35. On June 13, 2008, Evans filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit.  Dkt. #36.

## II.    Jurisdiction.

Evans purports to appeal "from the order entered granting Plaintiff's [sic] a Default Judgment in this matter on May 15, 2008." Dkt. #36 at 1.  Default judgment has not been entered in this case pursuant Rule 55(b).  It appears that Plaintiff's appeal is from the default entered pursuant to Rule 55(a).  *See* Dkt. #34.

"'Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed.'"  *Natural Res. Def. Council v. Southwest Marine Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  "That rule, however, does not extend to deficient notices of appeal.  To the contrary, 'where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case[.]'"  *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (quoting *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)) (alteration omitted); *see United States v. Garner*, 663 F.2d 834, 837 (9th Cir. 1981) ("When there is a deficiency in the notice of appeal . . . the district court is not deprived of jurisdiction.") (citing *Ruby*, 365 F.2d at 388-89).

The courts of appeals have jurisdiction over final orders, *see* 28 U.S.C. § 1291, and certain interlocutory and collateral orders, *see* 28 U.S.C. § 1292.  *See also* Fed. R. Civ. P. 54; Fed. R. App. P. 4.  In this case, Evans' notice of appeal is deficient because default judgment has not been entered pursuant to Rule 55(b) and the default entered by the Clerk pursuant to Rule 55(a) is neither a final order nor an appealable interlocutory or collateral order.  *See United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) ("[A]n order of default is not a final judgment, though a default judgment is."); *see also Eitel*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process under Rule 55); Dkt. #17 (same).  The notice of appeal therefore does not deprive the Court of jurisdiction over Plaintiff's motion for default judgment.  *See Ruby*, 365 F.2d at 389; *Garner*, 663 F.2d at 837.

## III.    The Motion for Default Judgment.

Pursuant to Rule 55(b)(2), Plaintiff seeks a default judgment of forfeiture against the

defendant property, Evans, and all other persons or entities who may claim an interest in the defendant property.  Dkt. #35 at 5.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *See Eitel*, 782 F.2d at 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

### A.     Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff will be prejudiced if default judgment is not entered.  Evans' answer has been stricken from the record.  No other person or entity has claimed an interest in the defendant property despite proper notice of this action by Plaintiff.  *See* Dkt. #6, 6-2.  If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.     The Merits of Plaintiff's Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)).  Plaintiff's verified complaint states a valid *in rem* forfeiture claim.  *See* Dkt. #9, 9-2. The second and third *Eitel* factors therefore favor a default judgment.

### C.     The Amount of Money at Stake.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendants' conduct.  *See Cal. Security Cans*, 238 F. Supp.

2d at 1176.  The $86,496 Plaintiff seeks to forfeit is not an insubstantial amount, but the money represents proceeds related to illegal drug trafficking.  *See* Dkt. #9.  Given the serious nature of the crimes at issue, *see id.* at 12, the Court finds that the amount of the requested default judgment is reasonable.

### D.      Possible Dispute Concerning Material Facts.

Evans' untimely answer raised factual issues, *see* Dkt. #14, but his failure to present a valid claim as required by statute prevents him from litigating those issues in this Court, Dkt. #32.  Thus, although Evans clearly disagrees with Plaintiff on the facts of this case, this litigation will not resolve a dispute concerning material facts.  This factor therefore weighs in favor of granting default judgment.

### E.      Whether Default Was Due to Excusable Neglect.

Plaintiff sent a direct notice of this action to Evans on October 18, 2007.  Dkt. #5. Plaintiff filed an amended complaint on November 19, 2007, and the Court gave Evans until December 21, 2007 to respond to the complaint.  Dkt. ##7-9.  Evans did not file an answer until January 18, 2008 – nearly a month late.  Dkt. #14.  Neither Evans nor his counsel has offered any explanation for the failure to meet the Court's deadline.  It therefore is unlikely that "the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F.      The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, the fact that Evans' answer has been stricken "makes a decision on the merits impractical, if not impossible."  *Id.*  The Court therefore is not precluded from entering default judgment.  *See id.*; *Gemmel*, 2008 WL 65604 at *5.

### G.      Conclusion.

Having reviewed Plaintiff's motion and considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate.

- 4 -

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's motion for default judgment (Dkt. #35) is **granted**.

2.      **Default judgment** is entered in favor of Plaintiff and against defendant property ($86,496.00), Roy Evans, and all other persons or entities who may claim an interest in this action to the defendant property.

3.      The Clerk is directed to **terminate** this action.

DATED this 1st day of July, 2008.

_____
                David G. Campbell
             United States District Judge